# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LEONARDO MANSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-293 (MTT) |
| WELLS FARGO BANK, N.A., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Defendant's motion to dismiss Plaintiff Leonardo Manson's complaint (ECF 1-2) for failure to state a claim. ECF 5. Mr. Manson is proceeding *pro se*, and, as explained below, the Court will allow Mr. Manson the opportunity to file an amended complaint no later than **December 31, 2025**.

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Moreover, pleadings by *pro se* litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

Mr. Manson's complaint contains a single paragraph description of his claims. ECF 1-2 at 3. It states:

> There is an account on my personal credit report that was opened fraudulently by dillards wells fargo that was actually removed before due to this matter I've disputed the account multiple times requesting a block per fcra 605 b with police report ftc report and other documents. I'm entitled to this a[]mount for well over 250 hours spent over the past years to do documentation gather police reports ftc reports I've been denied credit on multiple occasions gas money to go to these locations ie post offices postage and fcra violations.

*Id.*

Construing Mr. Manson's complaint liberally, it cannot be said to state a claim for relief. The complaint does not give the Defendant fair notice of what Mr. Manson's

claims are or the full grounds upon which they rest. Perhaps recognizing the deficiencies in his complaint, Mr. Manson's late response brief, which perhaps was drafted with the assistance of artificial intelligence, raises new claims not raised in his complaint.[1] ECF 7 at 1–2. As the Defendant notes, new claims cannot be raised for the first time in a response brief. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam) (explaining "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment"); *Gladney v. Consumers Credit Union*, No. 13-13959, 2024 WL 2797914 at*4 (11th Cir. May 31, 2024) (per curiam) (stating that the plaintiff "could not cure the deficiencies in his amended complaint by asserting additional facts in his response to [Defendant's] motion to dismiss").

However, because of Mr. Manson's *pro se* status and the possibility that a dismissal, even without prejudice, might permanently bar his claims, the Court will allow Mr. Manson an opportunity to file an amended complaint no later than **December 31, 2025**. If an amended complaint is filed, Mr. Manson will expressly state that he has verified the accuracy of all facts alleged and all legal authorities cited. If the amended complaint is drafted with the aid of artificial intelligence, Mr. Manson shall fully disclose the circumstances surrounding his use of artificial intelligence.

In addition, Mr. Manson is instructed to include all facts that he wishes to make a part of these proceedings and cite the appropriate legal authority for bringing his claims. Mr. Manson must provide enough facts to plausibly demonstrate that the Defendant's

---

[1] Mr. Manson does not offer an explanation for his untimeliness, so the Court need not consider Mr. Manson's response brief at all. *See Allen v. BAC Home Loans Servicing LP*, No. 5:10-CV-181-MTT, 2010 WL 3950980, at *1 (M.D. Ga. Oct. 7, 2010) (striking a *pro se* litigant's response brief for untimeliness).

actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Mr. Manson list numbered responses to the following questions:

(1) What did the Defendant do (or not do) to violate his rights?

(2) When did the action occur?

(3) How was Mr. Manson injured as a result of the Defendant's actions?

The amended complaint will take the place of and supersede Mr. Manson's original complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Mr. Manson may not refer to, or incorporate by reference, his previous complaint, and the Court will not look back to the facts alleged in the original complaint once the amended complaint is filed. *Id.* (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").[2]

**SO ORDERED**, this 12th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Defendant's motion to dismiss (ECF 5) is **DENIED** as moot.