**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **LEONARDO MANSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-293 (MTT)** |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss Plaintiff

Leonardo Manson's amended complaint, which asserts claims under the Fair Credit

Reporting Act ("FCRA") and a defamation claim under Georgia law. ECF 12. For the

reasons explained below, Wells Fargo's motion is **GRANTED in part** and **DENIED in

part**. The Court **DISMISSES** Manson's federal claims without prejudice and **REMANDS**

Manson's remaining defamation claim.

## I.   BACKGROUND[1]

### A. Factual Background

Manson alleges he was a victim of a security breach, "the Equifax data breach,"

which exposed his personal information. ECF 11 ¶ 4. Subsequently, in 2019, an

account associated with Wells Fargo was fraudulently opened in Manson's name. *Id.* ¶

3. Within eighteen months of discovering the fraudulent account, Manson disputed the

account with consumer reporting agencies and Wells Fargo. *Id.* ¶ 6. After investigation,

---

[1] The Court takes the following facts from the well-pleaded allegations in the amended complaint, construing all reasonable inferences in the light most favorable to the plaintiff. *See FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011).

in 2023, the account was removed from Manson's credit reports. *Id.* ¶ 8. But Wells

Fargo "reinserted" the same account in 2025. *Id.* ¶ 9. The reinsertion of this account

caused Manson's credit score to drop by about sixty points. *Id.* ¶ 11. It also resulted in

the denial of three residential mortgage loans and in subprime auto loans. *Id.* ¶ 12.

Although Wells Fargo received notice of a dispute, it continues to publish the account

information to third parties. *Id.* ¶ 13.

### B. Procedural Background

Wells Fargo removed this case to federal court in July 2025. ECF 1. Manson's

complaint clearly failed to state a claim, but given Manson's pro se status, the Court

allowed Manson to amend his complaint in response to Wells Fargo's motion to dismiss.

ECF 10. The Court further instructed that should Manson amend his complaint, he must

"expressly state that he has verified the accuracy of all facts alleged and all legal

authorities cited." *Id.* at 3. Manson amended his complaint but did not comply with the

Court's verification order. ECF 11. Wells Fargo moved to dismiss the amended

complaint, and the Court issued a Griffith Notice. ECF 12, 13. Manson has not

responded to the motion to dismiss.

## II.     STANDARD

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient

factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim is facially plausible when "the court [can] draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are

merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp.*, 658 F.3d at 1296 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Moreover, pleadings by pro se litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III.    DISCUSSION

#### A. The Fair Credit Reporting Act

The FCRA aims to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2205 (2007). "To achieve its purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer

reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of America*, 355 Fed. Appx. 380, 382 (11th Cir. 2009). Manson asserts FCRA claims applicable to consumer reporting agencies and furnishers. *See* ECF 11 ¶¶ 22–24.

### 1. Consumer reporting agency claims

Manson asserts that Wells Fargo violated 15 U.S.C. § 1681i(a)(5)(B), by "illegally reinserting deleted information without certification or consumer notice," and § 1681e(b), by "failing to maintain reasonable procedures to ensure maximum possible accuracy." ECF 11 ¶¶ 23, 24. These provisions govern the conduct of consumer reporting agencies. *See* 15 U.S.C. §§ 1681e(b), 1681i(a)(5)(B). Section 1681e(b) provides that "[w]henever a *consumer reporting agency* prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information." 15 U.S.C. § 1681e(b) (emphasis added). Section 1681i prescribes the terms and procedures that consumer reporting agencies must follow when reinvestigation of disputed information is required and states that "a *consumer reporting agency* . . . shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i(a)(1)(A) (emphasis added).

The amended complaint describes Wells Fargo as "a furnisher of information to consumer reporting agencies," not as a consumer reporting agency. ECF 11 ¶ 2. It also distinguishes between Wells Fargo and consumer reporting agencies at least twice. *Id.* ¶¶ 6, 13. The amended complaint alleges Manson "filed disputes with consumer reporting agencies and directly with Wells Fargo" after discovering the fraudulent 2019 account. *Id.* ¶ 6. It also alleges "Wells Fargo continued to publish the false information to third parties (CRAs and lenders)". *Id.* ¶ 13.

In addition, the amended complaint fails to plausibly allege that Wells Fargo was a consumer reporting agency in substance. The FCRA defines a "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Notably, the FCRA's definition of "consumer report" excludes a "report containing information solely as to transactions or experiences between the consumer and the person making the report." *Id.* § 1681a(d)(2)(A)(i); *see also Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) ("[W]here the Bank has reported information based solely on its own experience with one of its customers, the Bank is not acting as a 'consumer reporting agency,' within the meaning of the Fair Credit Reporting Act, because . . . it has not furnished a 'consumer report' as that term is defined in the Act."). The amended complaint alleges that Wells Fargo shared information relating to a fraudulent Wells Fargo account, but Wells Fargo does not act as a consumer reporting agency by sharing information about a Wells Fargo account. ECF 11 ¶¶ 3, 9, 13; 15 U.S.C. § 1681a(d)(2)(A)(i).

Accordingly, Mansons' claims under 15 U.S.C. § 1681i(a)(5)(B) and § 1681e(b) are **DISMISSED** without prejudice.

2.   *Furnisher claim*

Under 15 U.S.C. § 1681s-2(b), "a furnisher of credit must undertake an investigation and take other actions after the furnisher has been notified of inaccuracies in a consumer's credit report." *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860–61 (11th Cir. 2013) (citing 15 U.S.C. § 1681s-2(b)); *King v. Truist Bank*, 2025 WL

2814699, at *2 (11th Cir. Oct. 3, 2025) ("[U]pon receipt of a notice from a credit reporting agency that a consumer disputes the completeness or accuracy of any information provided by a furnisher, the furnisher has a duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation with respect to the disputed information." (citation modified)); *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018). But the Eleventh Circuit has recognized a private cause of action under § 1681s-2(b) only "where the furnisher received notice of the consumer's dispute *from a consumer reporting agency.*" *Nawab*, 553 F. App'x at 861 (citing 15 U.S.C. § 1681s-2(b)(1) (emphasis added); 15 U.S.C. § 1681i(a)(2); *see also Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 n.3 (11th Cir. 2023) (explaining the Eleventh Circuit has recognized a cause of action for "indirect disputes—meaning disputes against furnishers for not conducting a reasonable investigation after receiving notice of a dispute from a credit reporting agency" and not considering whether there is a cause of action for not conducting a reasonable investigation following a dispute filed directly by the consumer).[2]

The amended complaint does not allege facts showing that Manson submitted a dispute to a consumer reporting agency concerning the 2025 reinserted account. *See* ECF 11. Although the amended complaint alleges Manson filed disputes with consumer reporting agencies and directly with Wells Fargo concerning the account fraudulently opened in his name in 2019, it does not allege that Manson filed similar disputes concerning the 2025 reinsertion. *Id.* ¶ 6. And although the amended complaint asserts

---

[2] Manson does not argue that there is a cause of action for direct disputes. Again, he has not responded to the motion to dismiss at all.

that Wells Fargo had notice of a dispute, it does not allege that a consumer reporting agency notified Wells Fargo of the dispute, triggering a duty to investigate. *Id.* ¶¶ 13, 22.

Accordingly, Manson's claim under 15 U.S.C. § 1681s-2(b) is **DISMISSED** without prejudice.

### B. Supplemental Jurisdiction

Manson's remaining defamation claim does not provide a basis for federal jurisdiction under 28 U.S.C. § 1331. Wells Fargo argues the Fair Credit Reporting Act preempts Manson's defamation claim under 15 U.S.C. § 1681h(e). ECF 12 at 7–8. However, Wells Fargo does not assert a "complete preemption" defense that would support removal to federal court. *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003) ("[A] federal law may substantively displace state law under ordinary preemption but lack the extraordinary force to create federal removal jurisdiction under the doctrine of complete preemption."); *Perry v. FirstKey Homes, LLC*, 2025 WL 945601, at *8 (N.D. Ga. Feb. 12, 2025) ("Defendants have not demonstrated that the FCRA falls into the narrow category of federal statutes that give rise to complete preemption and allow removal of state law claims."); *Watkins v. Trans Union, L.L.C.*, 118 F. Supp. 2d 1217, 1223 (N.D. Ala. 2000) ("Because this court finds that Congress did not intend to make state law causes of action defensively preempted by the FCRA removable to federal court, it does not have removal jurisdiction over this action.").

Thus, having dismissed without prejudice all of Manson's federal claims, the Court must consider whether to continue exercising supplemental jurisdiction over Manson's defamation claim. Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994). A district court may appropriately discontinue its exercise of supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[T]he district court . . . must weigh . . . at every stage of the litigation, whether to dismiss the supplemental claims." *Ameritox, Ltd. v. Millennium Labors, Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (citation modified). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "Indeed, if the federal claims are dismissed prior to trial, [the Supreme Court] strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Manson chose to begin this case in state court, and the Court, in its discretion, will allow Manson to pursue his remaining state law claim in the forum he has chosen. The Court declines to exercise supplemental jurisdiction over Manson's defamation claim against Wells Fargo.

Accordingly, Manson's defamation claim is **REMANDED**.

### IV.    CONCLUSION

The motion to dismiss (ECF 12) is **GRANTED in part** and **DENIED in part**.

The Court **DISMISSES** Manson's FCRA claims without prejudice.

Manson's defamation claim is **REMANDED**.

**SO ORDERED**, this 20th day of April, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-8-